UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICTIM 1, <br><br> Plaintiff, <br><br> -against- <br><br> OFFICE OF FEDERAL CONTRACT COMPLIANCE PROGRAMS (OFCCP), et al., <br><br> Defendants. | 24-CV-2712 (LTS) <br><br> ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who identifies herself as an attorney residing in Brooklyn, New York, brings this *pro se* action under the pseudonym "Victim 1."[1] For the reasons set forth below, the Court directs Plaintiff to file a third amended complaint within 30 days of the date of this order with her real name and signature. If Plaintiff wishes to proceed anonymously, she must also, within 30 days, file a Motion to Proceed Anonymously with her real name and signature.

## DISCUSSION

Plaintiff, who is an attorney, brings this action under the pseudonym "Victim 1" without a motion to proceed anonymously.[2] Rule 10(a) of the Federal Rules of Civil Procedure provides

---

[1] On April 23, 2024, shortly after commencing this action, Plaintiff filed an amended complaint. (ECF 5.) On May 3, 2024, she filed a second amended complaint. (ECF 7.) Plaintiff is only permitted as a matter of course to amend her complaint once without the opposing party's written consent or the Court's permission. *See* Fed. R. Civ. P. 15(a). The Court will accept her second amended complaint, but Plaintiff must seek permission to submit any further amendments, such as provided by this order.

[2] The Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). Such solicitude, however, is generally not afforded where the litigant is an attorney representing herself. *See Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) (" [A] lawyer representing himself ordinarily receives no such solicitude at all.").

that "[t]he title of [a] complaint must name all the parties." "This requirement . . . serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008).

Courts have, however, permitted parties to proceed under a pseudonym or anonymously in limited circumstances. In deciding whether to permit a party to proceed anonymously, the United States Court of Appeals for the Second Circuit has articulated a nonexhaustive list of ten factors that courts should consider:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190 (alterations, ellipses, quotation marks, and citations omitted).

Plaintiff's pleading fails to comply with Rule 10(a). She brings this action under the pseudonym "Victim 1," but she does not request permission to proceed anonymously or provide any reason why the Court should permit her to do so.

---

Plaintiff, who asserts she is an attorney, is therefore not entitled to the "special solicitude" normally afforded a *pro se* litigant. *See Triestman*, 470 F.3d at 475 (citation omitted).

To comply with Rule 10, Plaintiff must submit a third amended complaint bearing her real name and signature.[3] The third amended complaint must be labeled with docket number 24-CV-2712 (LTS), and be fully completed with the names of the defendants and a statement of her claims.[4] If Plaintiff wishes to proceed anonymously in this action, she must file a motion to proceed anonymously that states the reasons why the Court should permit her to do so. Any such motion must be captioned as a "Motion to Proceed Anonymously," and include her real name and signature. If the Court grants the motion, Plaintiff will be permitted to proceed under the pseudonym.[5] The Court cannot review the substance of the complaint until this threshold issue is addressed.

---

[3] Plaintiff submitted the initial complaint with a request for authorization to proceed *in forma pauperis* ("IFP") in which she uses the pseudonym "Victim 1" in the caption. (ECF 2.) She, however, signs the IFP application with her real name. The Court will not make a determination on Plaintiff's IFP application until she has submitted a third amended complaint with her real name and signature.

[4] Rule 8(a) of the Federal Rules of Civil Procedure provides that a complaint contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). Plaintiff, who is or was employed by the New York State Department of Finance, brings this matter ostensibly as an action to restore her New York Civil Service salary (ECF 7, at 1), but she sues federal and state entities and multiple individuals that do not appear to have any involvement in the events related to her claims. Furthermore, Plaintiff attaches to the form complaint a 19-page narrative of events that largely has nothing to do with her employment. (*Id.* at 6-24). If Plaintiff submits a third amended complaint, it must comply with Rule 8.

[5] In an abundance of caution, the Court has restricted electronic access to Plaintiff's pleadings and IFP application to a "case-participant only" basis. If Plaintiff complies with this order by submitting the third amended complaint and the Motion to Proceed Anonymously, the Court will evaluate the merits of the motion and determine whether Plaintiff's submissions should remain restricted. If Plaintiff does not comply with this order, the restrictions will be lifted.

**CONCLUSION**

The Court directs Plaintiff, within 30 days from the date of this order, to file a third amended complaint with her real name and signature. If Plaintiff wishes to proceed anonymously, she must also, within 30 days, file a Motion to Proceed Anonymously with her real name and signature. If Plaintiff submits the requested documents, they should be labeled with docket number 24-CV-2712 (LTS).

No summons will issue at this time. If Plaintiff fail to comply with this order within the time allowed, the action will be dismissed without prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   May 22, 2024
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge