UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICTIM 1, | |
| Plaintiff, | |
| -against- | 24-CV-2712 (LTS) |
| OFFICE OF FEDERAL CONTRACT COMPLIANCE PROGRAMS (OFCCP), et al., | ORDER |
| Defendants. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who identifies herself as an attorney residing in Brooklyn, New York, filed this *pro se* action under the pseudonym "Victim 1."[1] On May 22, 2024, the Court held that Plaintiff's second amended complaint failed to comply with Rule 10(a) of the Federal Rules of Civil Procedure because she did not request permission to proceed anonymously or provide any reason why the Court should permit her to do so. (ECF 8, at 3.) The Court ordered Plaintiff to submit a third amended complaint bearing her real name and signature and noted that if she "wishes to proceed anonymously in this action, she must file a motion to proceed anonymously that states the reasons why the Court should permit her to do so. Any such motion must be captioned as a "Motion to Proceed Anonymously," and include her real name and signature." (ECF 8, at 3.) On May 24, 2024, Plaintiff filed a motion to proceed anonymously (ECF 10), and on May 28, 2024,

---

[1] The Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). Such solicitude, however, is generally not afforded where the litigant is an attorney representing herself. *See Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) ("[A] lawyer representing [her]self ordinarily receives no such solicitude at all."). Plaintiff, who asserts she is an attorney, is therefore not entitled to the "special solicitude" normally afforded a *pro se* litigant. *See Triestman*, 470 F.3d at 475 (citation omitted).

she filed a third amended complaint (ECF 9) bearing her true name and signature.[2] On June 4, 2024, without the Court's permission, Plaintiff filed a fourth amended complaint. (ECF 11.) On June 18, 2024, however, Plaintiff submitted a letter requesting permission to file the fourth amended complaint. (ECF 12.)

For the reasons set forth below, the Court (1) grants Plaintiff's request to file the fourth amended complaint; (2) denies Plaintiff's motion to proceed anonymously; and (3) grants her 30 days' leave to withdraw this action.

## DISCUSSION

### A.     Fourth amended complaint

In the May 22, 2023 order, the Court noted that although Plaintiff is only permitted as a matter of course to amend her complaint once without the opposing party's written consent or the Court's permission, *see* Fed. R. Civ. P. 15(a), she had filed several amended complaints. The Court stated that it will accept her second amended complaint, but unless she was directed to do so, she must seek permission to submit any further amendments. After submitting the third amended complaint (ECF 9) as directed by the Court's May 22, 2023 order, on June 4, 2024, Plaintiff filed a fourth amended complaint (ECF 11) without the Court's permission. On June 18, 2024, however, Plaintiff submitted a letter asserting the following:

> [a]s directed by this Court, I hereby seek permission to file Fourth Amended Complaint already submitted. The reason this document was not previously submitted with Fourth Amended Complaint is because I only received a one paragraph of Court's Order via email, PACER is not working and stumbled upon Court's Order on public internet.

---

[2] In an abundance of caution, the Court has restricted electronic access to Plaintiff's third and fourth amended complaints and June 18, 2024 letter to a "case-participant only" basis.

(ECF 12, at 1.)[3] The Court grants Plaintiff's request to file the fourth amended complaint (ECF 11). The fourth amended complaint is the operative pleading in this action. At this juncture, the Court will not entertain any further amended complaints from Plaintiff.

**B.      Motion to proceed under a pseudonym**

In response to the Court's order, Plaintiff filed a motion to proceed anonymously on May 24, 2024. (ECF 10.) Plaintiff asserts in the motion that the Court should allow her to proceed anonymously for the following reason:

> [u]pon information and belief, the basis of which is Civilian Pro Se Forms Packet received from United States District Court for the Northern District of New York, sexual assault victims may proceed anonymously as 'Victim 1.' Please kindly allow this case to proceed using 'Victim 1,' as Plaintiff.

(ECF 10, at 1.

In the May 22, 2024 order, the Court noted that, in deciding whether to permit a party to proceed anonymously, the United States Court of Appeals for the Second Circuit has articulated a nonexhaustive list of ten factors that courts should consider:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or

---

[3] Plaintiff writes using irregular capitalization. For readability, where appropriate, the Court uses standard capitalization when quoting from the submissions. All other spelling, grammar, and punctuation are as in the original unless otherwise indicated.

otherwise, there is an atypically weak public interest in knowing the litigants'
identities; and (10) whether there are any alternative mechanisms for protecting
the confidentiality of the plaintiff.

*Id.* at 190 (alterations, ellipses, quotation marks, and citations omitted).

The Court has considered these factors and denies Plaintiff's motion to proceed under a

pseudonym. Plaintiff, who is employed by the New York State Department of Financial Services

("DFS"), sues multiple federal and state entities and officials related to her employment and she

asserts on the face of the fourth amended complaint that she brings this action for immediate

restoration of her New York State Civil Service salary. (ECF 11, at 1.) In the pleading, however,

she provides a chronicle of events dating back to her high school years, details an alleged sexual

assault that occurred in her apartment in Brooklyn, New York, in 2006, and makes assertions of

events that do not appear to be related to many of the defendants she sues or the purported

purpose of this action – restoring her salary. Although "allegations of rape are highly sensitive

and of a personal nature, [and as] such[,] . . . this factor weighs . . . against disclosure of [a

litigant's] identity," *Doe v. Telemundo Network Grp. LLC*, No. 22-CV-7665 (JPC), 2023 WL

6259390, at *4 (S.D.N.Y. Sept. 23, 2023), "'this factor is not dispositive,' and '[c]ourts in this

district have explained that allegations of sexual assault, by themselves, are not sufficient to

entitle a [litigant] to proceed under a pseudonym," *id.* (quoting *Doe v. Weinstein*, 484 F. Supp. 3d

90, 94 (S.D.N.Y. 2020) (alteration in original)).

Here, the Court finds that Plaintiff's description of incidents that occurred in the past,

without any explanation of the relevance of these events to her claims against the government

entities and officials she sues or her request to restore her salary, are insufficient to sustain her

motion to proceed anonymously. Furthermore, to the extent she is alleging that government

entities and officials have violated her rights, such allegations are a matter of public concern and

weigh against Plaintiff's proceeding under a pseudonym. For these reasons, the Court concludes

that the circumstances here are not sufficiently extraordinary to outweigh the presumption of public access. The Court therefore denies Plaintiff's motion to proceed anonymously without prejudice.

Because it is clear that Plaintiff's pleading contains allegations that are of a highly sensitive and personal nature, the Court grants her 30 days' leave to withdraw this action if she does not want to proceed in her true name. The Court further warns Plaintiff that, if she chooses not to withdraw this action, it will proceed under her true name and all restrictions placed on her filings on the docket will be lifted.

## CONCLUSION

The Court grants Plaintiff's request to file the fourth amended complaint (ECF 11). The fourth amended complaint is the operative pleading in this action. At this juncture, the Court will not entertain any further amended complaints from Plaintiff.

The Court denies Plaintiff's motion to proceed anonymously (ECF 10) without prejudice and grants her 30 days' leave to withdraw this action. If Plaintiff does not withdraw this action, it will proceed under her true name and all restrictions placed on her submissions will be lifted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   July 2, 2024
          New York, New York

                               /s/ Laura Taylor Swain
                                 LAURA TAYLOR SWAIN
                          Chief United States District Judge