UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRICIA CALLENDER, ESQ., <br><br> Plaintiff, <br><br> -against- <br><br> OFFICE OF FEDERAL CONTRACT COMPLIANCE PROGRAMS (OFCCP), et al., <br><br> Defendants. | 24-CV-2712 (LTS) <br><br> ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who identifies herself as an attorney residing in Brooklyn, New York, and a former employee of the New York State Department of Financial Services ("DFS"), filed this *pro se* action. She brings this action purportedly seeking to compel DFS to immediately restore her New York Civil Service salary, but does not name DFS as a defendant in this action. Named as defendants in the fourth amended complaint, the operative pleading, are three federal agencies: the United States Department of Labor's ("DOL") Office of Federal Contract Compliance Programs ("OFCCP"); the DOL's Wage and Hour Division ("WHD"); and the DOL's Occupational Safety and Health Administration ("OSHA"). By order dated September 6, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ.

P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). Such solicitude, however, is generally not afforded where the litigant is an attorney representing herself. *See Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) ("[A] lawyer representing [her]self ordinarily receives no such solicitude at all."). Plaintiff, who asserts she is an attorney, is therefore not entitled to the "special solicitude" normally afforded a *pro se* litigant. *See Triestman*, 470 F.3d at 475 (citation omitted).

## BACKGROUND

**A.     Procedural History**

Plaintiff Tricia Callender filed her initial pleading under the pseudonym "Victim 1" against multiple federal and state entities and individuals, most of which appeared to be associated with her employment at DFS. Shortly after, on April 23, 2024, Plaintiff filed an amended complaint (ECF 5), and on May 3, 2024, she filed a second amended complaint (ECF 7). Plaintiff used the court's general complaint form for the second amended complaint, requested the immediate restoration of her DFS salary, and named as defendants the DOL's OFCCP, WHD, and OSHA. Plaintiff attached to the form complaint a 19-page narrative of events that largely appeared to have nothing to do with her employment or salary. (ECF 7 at 6-24.)

Because Plaintiff did not request permission to proceed anonymously or provide any reason why the Court should permit her to do so in accordance with Rule 10(a) of the Federal Rules of Civil Procedure Rule 10(a), by order dated May 22, 2024, the Court held that Plaintiff could not proceed under a pseudonym. (ECF 8 at 3.) The Court ordered Plaintiff to submit a third amended complaint bearing her real name and signature and noted that if she "wishes to proceed

anonymously in this action, she must file a motion requesting such relief that states the reasons why the Court should permit her to do so. Any such motion must be captioned as a 'Motion to Proceed Anonymously,' and include her real name and signature." (*Id*.) In an abundance of caution, the Court restricted electronic access to all of Plaintiff's pleadings to a "case-participant only" basis.

On May 24, 2024, Plaintiff filed a motion to proceed anonymously (ECF 10); on May 28, 2024, she filed a third amended complaint (ECF 9) bearing her own name and signature; and on June 4, 2024, she filed a fourth amended complaint (ECF 11).

By order dated July 2, 2024, the Court accepted Plaintiff's fourth amended complaint as the operative pleading for this action, but informed her that, at this juncture, the Court will not entertain any further amended complaints. The Court then considered Plaintiff's motion to proceed anonymously under the list of ten factors articulated by the United States Court of Appeals for the Second Circuit in *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2d Cir. 2008), and denied it without prejudice. The Court found that Plaintiff's assertions in her motion and fourth amended complaint were not sufficiently extraordinary to outweigh the presumption of public access. Although she asserted that she was a victim of sexual assault, some of the incidents she described in her pleading occurred decades ago, and she did not provide any explanation of their relevance to the government entities she sues or her request to restore her salary. (*See* ECF 13, at 3-5.) Furthermore, to the extent Plaintiff is alleging that government entities and officials have violated her rights, such allegations are a matter of public concern and weigh against Plaintiff's proceeding under a pseudonym. (*See id*.) However, because Plaintiff's pleadings contained allegations that are of a highly sensitive and personal nature, the Court granted her 30 days' leave to withdraw this action if she does not want to

proceed in her true name. The Court also warned Plaintiff that, if she chooses not to withdraw this action, it will proceed under her true name and all restrictions placed on her filings on the docket will be lifted.

Plaintiff has chosen not to withdraw the action and instead, on August 26, 2024, filed a fifth amended complaint (ECF 14) without the Court's permission.

**B.    Plaintiff's Claims**

Plaintiff's fourth amended complaint, which names as defendants only the DOL's OFCCP, WHD, and OSHA, is confusing and often difficult to understand. Although she asserts that she filed this action for immediate restoration of her New York State Civil Service salary, she provides a chronicle of events dating back to her high school years interspersed with her belief that disparate events are connected without any supporting facts. In the complaint, Plaintiff provides details of an alleged sexual assault by a public official that occurred in her apartment in Brooklyn, New York, in 2006, and descriptions of multiple incidents of perceived sexual abuse and her hospitalization for mental health issues. Most of Plaintiff's allegations do not appear to be connected to the defendants she sues or the stated purpose of this action – restoring her salary. Because of the rambling nature of Plaintiff's statement of claim, the Court attempts to focus below only on her assertions concerning her DFS employment and salary and information relating to the named defendants.

The Court is able to glean the following information about Plaintiff's employment at DFS from the fourth amended complaint. In September 2018, Plaintiff began working at DFS, and for the next five years, she was assigned to "sit next to [a] makeshift kitchen with overhead microwave, gigantic copier, gigantic electrical closet, outside [a] men's bathroom. (ECF 11, at 14.) Plaintiff was "the only person [of her] complexion on a team of eleven attorneys who are all lighter than a brown paper bag," and her team members were far away from her work station.

4

(*Id.*) Plaintiff remained at her makeshift work station for years while "newly hired lighter skin attorneys" were assigned to areas "with better lighting and given options to move to bigger and better offices." (*Id.*) In or about December 2023, after Plaintiff reached out to New York State Governor Kathy Hochul and United States Senator Chuck Schumer, "DFS start[ed] moving [her] nonstop telling [her] they are going to put [her] to sit with [her] other team members." (*Id.*)

That same December, Elizabeth Nochlin, Plaintiff's supervisor, informed Plaintiff that she had a meeting scheduled with two DFS officials, April Lambert, the Director of Labor Relations, and Tamatha Jerome, the Director of Labor Relations and Performance Management, and Nochlin threatened Plaintiff with "insubordination" if she did not attend the meeting. (*Id*. at 15.) On December 11, 2023, Plaintiff met with Lambert and Jerome for about ten minutes without a New York State Public Employees Federation ("PEF") union representative; Lambert had "forced" the union representative to leave, stating that Plaintiff was not in trouble and would not be disciplined. (*Id.* at 16.) On January 19, 2024, however, Lambert "stopped [Plaintiff's] salary," and although she is not a doctor, she "prescribed" that Plaintiff see a doctor and scheduled an appointment for Plaintiff at Employee Health Service with Dr. Martin. (*Id.*)

On February 8, 2024, "[t]o keep peace and receive her salary," Plaintiff went to the scheduled appointment and was given multiple forms by a receptionist to complete, including a consent form. Plaintiff wrote on the consent form, "I do not consent," and returned all documents to the receptionist. (*Id.*) After some time, an individual, whom Plaintiff believes was the doctor, approached Plaintiff and instructed her to leave the facility. Plaintiff left as instructed and later reported the events at the medical office to PEF representatives and sent them a copy of the consent form, of which she had taken a picture. Lambert, however, scheduled two more appointments for Plaintiff with Dr. Martin. In a letter dated February 14, 2024, Lambert

threatened to have Plaintiff arrested if she returned to her job and, on April 11, 2024, Plaintiff's employment with DFS was terminated.

Of the three named defendants, Plaintiff asserts specific claims only with respect to the OFFCP and OSHA. She claims the following: (1) she filed a complaint with OFFCP about DFS's "illegal stoppage" of her salary, but OFFCP "did nothing to investigate that women who allege rape/sexual assault and/or harassment salaries are terminated," and instead transferred her complaint to the United States Equal Employment Opportunity Commission ("EEOC"), which can take a minimum of two years to investigate a case (*id*. at 19-20); and (2) during her employment, she sometimes observed that an unknown male would "announce[] himself in women's bathroom at work, on the 20th floor" when she was alone using the toilet (*id*. at 18), and consequently filed a complaint with OSHA regarding both the unknown male and issues with the locks and lack of privacy screens in the women's bathroom, but OSHA failed to respond. Plaintiff does not specify the claims she is attempting to assert against the WHD. Furthermore, although Plaintiff requests restoration of her salary and money damages for DFS's actions, she does not specify the relief she seeks from the federal agencies.

## DISCUSSION

**A.    Plaintiff's Fifth Amended Complaint and Restrictions of the Docket**

In the July 2, 2024 order, the Court informed Plaintiff that it will not entertain any further amended complaint at this juncture.[1] Plaintiff has ignored the Court's admonition and has filed a fifth amended complaint (ECF 14) without permission. The Court therefore directs the Clerk of Court to strike the fifth amended complaint from the docket. The fourth amended complaint

---

[1] Plaintiff is only permitted as a matter of course to amend her complaint once without the opposing party's written consent or the Court's permission. *See* Fed. R. Civ. P. 15(a). Plaintiff has repeatedly filed amended pleadings without the Court's permission.

(ECF 11) remains the operative pleading in this action. The Court also directs the Clerk of Court to remove the restrictions currently in place, which limited access to Plaintiff's pleadings to a "case-participant only" basis.

### A.     Short and Plain Statement of Claim

Plaintiff's fourth amended complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure. Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads sufficient factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true, *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009), but it need not accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions, *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

While a complaint's statement of claim must contain sufficient factual detail, it should not be "prolix" (*i.e.*, lengthy) or contain unnecessary details. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (noting that, under Rule 8(a)(2), the statement of claim "should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage'" (citation omitted)); *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (holding that complaint did not comply with Rule 8 because "it contained a labyrinthian prolixity of unrelated and vituperative charges that defied comprehension"). "Complaints which ramble, which needlessly speculate, accuse and condemn, and which contain circuitous diatribes far removed from the heart of the claim do not comport with these goals and this system." *Barsella*

*v. United States*, 135 F.R.D. 64, 66 (S.D.N.Y. Mar. 18, 1991) (internal quotation marks and citation omitted). A complaint that fails to comply with Rule 8 may be dismissed *sua sponte*. *See Da Costa v. Marcucilli*, 675 F. App'x 15, 17 (2d Cir. 2017) (summary order) (dismissing a complaint because it was convoluted, repetitive and difficult to understand); *Barsella*, 135 F.R.D. at 66, (stating that the policy requiring courts to liberally construe *pro se* complaints "does not mandate that a court sustain every *pro se* complaint even if it is incoherent, rambling, and unreadable").

      Here, Plaintiff's fourth amended complaint does not provide a short and plain statement giving Defendants fair notice of the claims she is asserting and the grounds on which they rest. She has presented disjointed, extraneous, and confusing information about repeatedly being subjected to sexual abuse and assaults, hospitalization for mental health problems, and other issues, making it difficult for the Court to discern the specific incidents that are the bases for her rights violation claims against the defendants in this action. Most of Plaintiff's assertions have nothing to do with her DFS salary or employment – the stated purpose for this action. Furthermore, although she seemingly asserts claims against DFS related to her employment, she does not bring this action against DFS. The Court therefore finds that Plaintiff's fourth amended complaint, which contains factual allegations without any explanation of their relevance to Plaintiff's claims against the federal agencies she sues or her request to restore her salary, does not comply with Rule 8. Because Plaintiff fails to state viable federal claims against the defendants, the Court dismisses the fourth amended complaint for failure state a claim on which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.**    **Sovereign Immunity**

      Even if Plaintiff's pleading complied with Rule 8, she could not proceed with her claims against the federal agencies she sues. Under the doctrine of sovereign immunity, the DOL's

OFCCP, WHD, and OSHA are immune from suit. The doctrine of sovereign immunity bars federal courts from hearing all suits against the federal government, including suits against federal agencies, unless sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *see Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are. . . barred under the doctrine of sovereign immunity, unless such immunity is waived.").

Plaintiff names as defendants the OFCCP, WHD, and OSHA for their alleged failure to investigate her complaints concerning her DFS salary and other issues related to her employment. She does not, however, allege any facts or legal provisions that suggest that the doctrine of sovereign immunity has been waived with respect to her claims against these agencies.[2] Even if Plaintiff was invoking the Court's mandamus jurisdiction to compel the agencies to take action on her complaints,[3] she has not established that the defendants had a duty

---

[2] Although the Federal Tort Claims Act ("FTCA") provides for a waiver of sovereign immunity for certain claims for monetary damages arising from the tortious conduct of federal government officers or employees acting within the scope of their office or employment, 28 U.S.C. § 1346(b)(1), the proper defendant for an FTCA claim is the United States, not a federal agency. Moreover, before bringing a claim in a federal district court under the FTCA, a claimant must first exhaust her administrative remedies by filing a claim for monetary damages with the federal agency and receive a final written determination. *See* 28 U.S.C. § 2675(a). Plaintiff gives no indication that she has exhausted her administrative remedies with respect to any FTCA claims.

[3] The Mandamus Act provides district courts with "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. To obtain mandamus relief, a petitioner must show that: "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to the issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation marks and citation omitted). A writ of mandamus is a drastic remedy that should be used only in extraordinary circumstances. *See Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380 (2004).

to investigate her complaints against DFS or her workplace.[4] *See Elliot v. United States*, No. 3:06-CV-1607, 2007 WL 2022044, at *3 (D. Conn. July 6, 2007 (holding that the DOL and the United States Department of Justice had no duty to investigate a plaintiff's claims against his prior employer). The Court therefore dismisses Plaintiff's claims against the OFCCP, WHD, and OSHA under the doctrine of sovereign immunity, and consequently, for lack of subject matter jurisdiction.[5] *See* Fed. R. Civ. P. 12(h)(3).

**C.    Leave to Amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

---

[4] Generally there is no affirmative right to an investigation by the government. *See DeShaney v. Winnebago Soc. Servs.*, 489 U.S. 189, 196 (1989) ("[T]he Due Process Clause generally confers no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual."); *see also Bernstein v. New York*, 591 F. Supp. 2d 448, 460, 465 (S.D.N.Y. 2008) ("Courts within the Second Circuit have determined that there is no constitutional right to an investigation by government officials.") (collecting cases).

The Court also notes that, to the extent Plaintiff's complaint against the federal agencies asserted claims of employment discrimination against DFS, discrimination statutes such as Title VII of the Civil Rights Act of 1964 do not provide an express or implied cause of action to sue for improper investigation or processing of employment discrimination claims. *See, e.g., Baba v. Japan Travel Bureau Int'l, Inc.*, 111 F.3d 2, 6 (2d Cir. 1997).

Finally, if Plaintiff is attempting to bring a claim under the Occupational Safety and Health Act ("OSHA"), 29 U.S.C. §§ 651-678, challenging her workplace conditions, the Court notes that OSHA does not provide a private right of action. *Donovan v. Occupational Safety & Health Rev. Comm'n*, 713 F.2d 918, 927 (2d Cir. 1983).

[5] Nothing in this order prevents Plaintiff from bringing an employment discrimination or other action against DFS or other defendants based on the conduct asserted in this action. The Court offers no opinion as to the merits of any such action filed by Plaintiff.

**CONCLUSION**

The Court dismisses this action for failure to state a claim on which relief may be granted and for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); Fed. R. Civ. P. 12(h)(3).

The Court directs the Clerk of the Court to strike Plaintiff's fifth amended complaint (ECF 14) from the docket. The Court also instructs the Clerk of Court to remove the restrictions currently in place, which limited access to Plaintiff's pleadings to a "case-participant only" basis.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court further directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated:   September 13, 2024
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge